UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT, *ex. rel.*,
RICHARD BLUMENTHAL      :      CASE NO.   3:00CV1386 (DJS)
    Plaintiff      :
          :
- v -      :
          :
UNITED STATES OF AMERICA,      :
UNITED STATES DEPT. OF COMMERCE,      :
Donald Evans, Secretary      :
    Defendant      :

## ORDER

The State of Connecticut has brought the present action, alleging that a provision of the Magnuson-Stevens Act, 16 U.S.C. §1854(f) violates the Fifth and Tenth Amendments to the United State Constitution. The United States argues that Connecticut lacks standing to bring these claims. Specifically, the defendant claims that states may not sue the federal government on claims arising out of the Fifth Amendment pursuant to a Supreme Court decision in State of South Carolina v. Katzenbach, 383 U.S. 301 (1966).

This court's review of the parties' briefs and the applicable case-law suggests that Katzenbach is good law for the point argued by the United States. The court also notes, however, that Connecticut was held by the Second Circuit to have standing to challenge regulations promulgated pursuant to 16 U.S.C. §1854(f). See, Connecticut v. United States Department of Commerce, 204 F.33d 413 (2000). Further, the court's research suggests that a party with standing to challenge a regulation may base that challenge on the unconstitutionality of the statute that authorizes the regulation–in short, it seems that Connecticut had standing in a prior suit to raise the delegation issue it seeks to bring here.

The court **ORDERS** the parties in this case to submit briefs addressing the following questions, in order that the court can best resolve the pending cross-motions for summary judgment in a full and fair manner.

1. Are states absolutely barred by <u>South Carolina v. Katzenbach</u> or any other authority from bringing claims against the United States under the Fifth Amendment, including a claim that a regulation, otherwise properly subject to challenge by the state, is unconstitutional by virtue of an improper delegation of power?

2. If states are not absolutely barred from bringing delegation claims, did Connecticut have standing to raise the delegation issue in the case of <u>Connecticut v. Daley</u>, Nos. 3:97cv2726(CFD) and 3:98cv173(CFD)(D.Conn.)?

3. If Connecticut had standing to raise a delegation claim in <u>Daley</u>, what basis is there to deny Connecticut standing to raise the delegation issue in this case?

The court requires the parties to submit briefs **no later than January 14, 2004**. Reply briefs of no more than ten (10) pages shall be **submitted no later than January 26, 2004**.

**IT IS SO ORDERED** at Hartford, Connecticut, this 10th day of December, 2003.

_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE