THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

JEAN WILLIAMS
SETH BARSKY
Wildlife and Marine Resources Section

R. JUSTIN SMITH
Policy, Legislation and Special Litigation
Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 4390
Ben Franklin Station
Washington, DC  20044-4390
Telephone:  (202) 514-9369
Facsimile:  (202) 514-4231

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT ex rel.<br>RICHARD BLUMENTHAL,<br><br>    Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT<br>OF COMMERCE, et al<br><br>    Defendants | Civil No. 3:00CV1386(DJS)<br><br><br>February 27, 2004 |

**UNITED STATES RESPONSE TO QUESTIONS SET FORTH IN
THE COURT'S DECEMBER 10, 2003 ORDER**

The United States respectfully submits the following responses to the questions posed in the Court's order of December

1

10, 2003. The United States is prepared to respond to further questions at the Court's convenience.

1. **Are states absolutely barred by Katzenbach or any other authority from bringing claims against the United States under the Fifth Amendment, including a claim that a regulation, otherwise properly subject to challenge by the state, is unconstitutional by virtue of an improper delegation of power?**

Yes, States are absolutely barred from bringing any claim under the Due Process Clause, because they are not "persons" for purposes of that clause. The Supreme Court's decision in State of South Carolina v. Katzenbach, 383 U.S. 301, 323-24 (1966), is absolutely clear: "The word 'person' in the context of the Due Process Clause of the Fifth Amendment cannot, by any reasonable mode of interpretation, be expanded to encompass the States of the Union. . . . Nor does a State have standing as the parent of its citizens to invoke these constitutional provisions against the Federal Government, the ultimate parens patriae of every American citizen." Id.

This holding admits of no exceptions. Katzenbach says clearly that the States are not "persons" under the Fifth Amendment. If a State is not encompassed within the plain language of that Amendment at all, then it is not possible for the State to be a "person" for any purpose, whether in the context of a regulatory challenge or otherwise.

Nor can the State seek to "piggyback" its Fifth Amendment claim on some other claim, such as a challenge to a regulation.

At the outset, the State has in this case pleaded no other cause of action to which it could append such a claim. The only other claim the State has brought in this action is one under the Tenth Amendment, which claim, as set forth in the United States's previous pleadings in this action, is barred for a variety of standing and merits reasons. In particular, the State has <u>not</u> included any claim under the APA in its Amended Complaint; it therefore may not use such a claim as a vehicle for pressing its due process claim.

Even supposing that the State had some other claim against the United States, the State cannot acquire standing to sue - and become a "person" for Fifth Amendment purposes - by appending its Fifth Amendment claim to some other cause of action. Standing to sue is analyzed separately for each of the claims a party seeks to bring. The Supreme Court made that clear in <u>Los Angeles v. Lyons</u>, 461 U.S. 95 (1983), a case in which a plaintiff, Lyons, had sued the City of Los Angeles seeking both damages for the use of a chokehold against him by police and an injunction against the future use of such chokeholds. The Court analyzed Lyons' claims separately, finding that he had standing to press his damages claim, but not his claim for injunctive relief. The Court treated the two standing analyses as entirely separate inquiries; the fact that Lyons had standing to bring one claim did not affect the analysis of his ability to bring the other. <u>Id.</u> at 101-06 & n.7. <u>See also</u> <u>Baur v. Veneman</u>, 352 F.3d 625, 642

n.15 (2d. Cir. 2003) ("a plaintiff must demonstrate standing for each claim and form of relief sought").

Nor could a State otherwise use the APA as a vehicle to press a barred due process claim. Although parties may present constitutional arguments in the course of making a claim under the APA, standing rules are fully applicable under the APA. Thus, a plaintiff may not secure relief on a claim that would otherwise be nonjusticiable by framing it as an APA claim. The plaintiffs in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), sought to challenge a rulemaking by the Department of the Interior, but the Court made clear that their suit was still subject to the requirements of injury in fact, traceability, and redressability. See also New York Coastal Partnership v. United States Department of Interior, 341 F.3d 112, 118 (2d Cir. 2003) (standing requirements fully applicable under APA).

Because the State is not within the plain language of the Due Process Clause, it cannot show injury in fact. The standing defect may also be treated as arising under the "zone of interests" test. See Bennett v. Spear, 520 U.S. 154, 162 (1997) (requiring that a "plaintiff's grievance" must "fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit") (emphasis added). Because the State does not plead an APA claim, these issues do not arise here in any event.

A party cannot be allowed to avoid standing requirements

through creative pleading. The case or controversy requirement serves important purposes, ensuring that cases are presented with the proper adversity and by the proper parties. As to Connecticut's effort here to bring a Fifth Amendment claim, the Framers of the Constitution provided Connecticut with ample means of safeguarding its interests under the constitutional scheme, including representation in the political branches and protections under other constitutional provisions. See Garcia v. San Antonio Metropolitan Transit Authority, 469 U.S 528, 556 (1985). The States may of course bring suit to enforce the Constitution's specific protections, such as those under the Tenth Amendment, assuming that they meet other legal requirements in doing so. But the Framers consciously established a framework that protects the interests of both States and the Federal Government, and maintains a balance between these distinct sovereigns. It would be inconsistent with that balance to allow the State to assert rights under the Fifth Amendment through creative pleading, despite the Framers' decision to limit those rights to "persons."

2. **If states are not absolutely barred from bringing delegation claims, did Connecticut have standing to raise the delegation issue in the case of Connecticut v. Daley (CFD) (D. Conn)?**

Connecticut did not have standing to raise any Fifth Amendment claims in Connecticut v. Daley, as set forth below. In summary: Because no such claim was raised in the initial district

court proceedings, those proceedings did not address the State's standing as a "person" under the due process clause. When the State raised its constitutional claims for the first time on appeal, Connecticut v. United States Department of Commerce, 204 F.3d 413, 416 (2d Cir. 2000), the Second Circuit declined to pass on either the standing or the merits issues associated with those claims. The Court of Appeals instead found that standing and merits issues associated with the constitutional claims should be addressed by this Court in the first instance. The standing issue was therefore never addressed in the previous proceedings. Nor could the State have raised its Fifth Amendment claim earlier, as it would not have had standing to do so.

The initial district court proceedings in Connecticut v. Daley devoted detailed consideration to issues of administrative law initially raised by the State (but not addressed in the present amended complaint). Connecticut v. Daley, 53 F. Supp. 2d. 147 (D. Conn. 1999). Connecticut did not press its constitutional claims in the district court, so that the question of the State's standing to bring such claims was not addressed by that opinion and was not at issue in that proceeding.

The Second Circuit's opinion in Connecticut v. United States Department of Commerce said expressly that Connecticut "now asserts, for the first time, important constitutional challenges to the validity of the Magnuson-Stevens Act." 204 F.3d 413, 416 (2d Cir. 2000) (emphasis added). The Second Circuit found, in

6

the particular context of that case, that Connecticut had not waived its constitutional challenges (including any Fifth Amendment claim), even though those claims had never been presented to the district court. Id. at 417.

However, the Second Circuit also expressly declined to reach the issue of Connecticut's standing to sue, finding that this issue was properly left to the district court to resolve in the first instance. The Second Circuit found that "to the extent that the standing issues at stake involve factual determinations, we are necessarily handicapped by not having full findings as to these facts from the district court," Id. at 416, indicating that the standing issues should be addressed first on remand. Moreover, the Court found that even those legal issues that did not depend on factual questions were most properly left to the district court to resolve in the first instance, citing "timeliness reasons" and the need to ensure that "appropriate attention can . . . be given to these contentions." Id.

The Second Circuit found that, if the State chose to bring suit to resolve its constitutional arguments, "the district court would be able to evaluate the standing questions involved and make the factual findings necessary to a determination of some of them." Id. at 417. All issues of Connecticut's standing to raise its constitutional claims are therefore fully before this Court. The Court of Appeals has left it to this Court to decide those issues in the first instance, and no aspect of the previous

district court decision or the decision of the Court of Appeals will govern that issue.

The Court of Appeals did address Connecticut's standing to raise its <u>administrative law</u> claims, finding that the State could establish injury in fact. 204 F.3d at 414 n.2. As the United States set forth in its previous briefing in this case, Motion for Summary Judgment at 13, that finding in no way addressed the State's constitutional claims. (Moreover, because it was limited to issues of injury in fact, and did not arise in the summary judgment context, it is likewise not binding on the questions of traceability and redressability that the United States has raised in its previous pleadings.)[1]

Connecticut has never had standing to raise any Fifth Amendment claim, and none of the previous courts to consider this

---

[1] Although the United States did not raise <u>Katzenbach</u> before the Court of Appeals, that should not affect this Court's analysis of the standing issue. The United States made a wide range of arguments in the Court of Appeals in response to the State's novel, and somewhat belated, constitutional claims. These arguments included a challenge to the State's standing to sue, but one that focused on redressability, rather than on the meaning of the word "person" in the Fifth Amendment. Standing defenses cannot be waived, so that the United States may properly raise this standing defect at any time. <u>FW/PBS, Inc. v. Dallas</u>, 493 U.S. 215, 231 (1990).

Even if the United States had included <u>Katzenbach</u> in its pleadings before the Second Circuit, that Court's disposition of the appeal would have inevitably led the <u>Katzenbach</u> question to be remanded for this Court to consider in the first instance. Indeed, the Court of Appeals remanded to this Court precisely to allow a fuller development of the legal issues raised by Connecticut's constitutional arguments. It is therefore entirely proper for the United States to raise <u>Katzenbach</u> now.

case has said or intimated otherwise. It follows that this Court is free to apply Katzenbach.

3.  **If Connecticut had standing to raise a delegation claim in Daley, what basis is there to deny Connecticut standing to raise the delegation issue in this case?**

As set forth above, the previous decisions by the District of Connecticut and the Second Circuit have not addressed the standing issue. Moreover, the State would not have had standing to bring that claim in those proceedings. Under the Lyons rule, Connecticut could not have secured standing to sue under the due process clause by joining a due process claim with one under the APA. Nor could the State have used the APA in some other manner as a vehicle by which to pursue an otherwise barred due process claim. It follows that the State did not raise a delegation claim in Daley, and would not have had standing to do so.

Even supposing that the State could somehow have raised a due process claim in the Daley litigation through artful pleading of its APA claims, the State has never asserted an APA claim in the present case. The State's Amended Complaint states that it invokes the Court's jurisdiction under 28 U.S.C. 1331 and 1336(a)(2),[2] and that the State also seeks declaratory or injunctive relief under 28 U.S.C. 2201 and 2202. The APA is codified in Title 5 of the United States Code, no provision of

---

[2] It is unclear why the State relies on 28 U.S.C. 1336, as that provision relates to judicial review of the orders of the Surface Transportation Board, whose proceedings are not at issue in this litigation.

which is cited in the State's complaint. This case has been briefed on a motion to dismiss and subsequently on summary judgment, and the State has never in the course of that briefing argued that its claims arose under the APA or sought to make out an APA claim. The State should not be permitted to do so now, especially in view of the futility of any such claim.

>Respectfully submitted,
>
>THOMAS L. SANSONETTI
>Assistant Attorney General
>Environment and Natural Resources
>Division
>
>JEAN WILLIAMS,
>Section Chief
>Wildlife & Marine Resources Section
>
>WILLIAM A. COLLIER (ct00986)
>Assistant United States Attorney
>450 Main Street, Room 328
>Hartford, CT 06103
>
>_____
>R. JUSTIN SMITH (ct 22310)
>Attorney
>Policy, Legislation, and Special
>Litigation Section
>(202) 514 0750

**CERTIFICATE OF SERVICE**

I, R. Justin Smith, do hereby certify that on February 27, 2004, I caused a true and correct copy of the foregoing motion to be forwarded, via United States mail, postage prepaid, to:

Sharon Scully, Esq.
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120

William A. Collier
Assistant United States Attorney
450 Main Street, Room 328
Hartford, CT 06103

_____
R. Justin Smith