UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT, ex rel. | : | CIVIL ACTION NO.:  300CV1386(DJS) |
| RICHARD BLUMENTHAL | : | |
| ATTORNEY GENERAL, | : | |
|     *Plaintiff* | : | |
| | : | |
|     v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| UNITED STATES DEPARTMENT OF | : | |
| COMMERCE, AND DONALD EVANS, | : | |
| SECRETARY OF COMMERCE, | : | |
|     *Defendants* | : | MARCH 1, 2004MARCH 3, 2004 |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW

This brief is submitted in response to the court's order to address the following issues:

1. Are states absolutely barred by <u>South Carolina v. Katzenbach</u> or any other authority from bringing claims against the United States under the Fifth Amendment, including a claim that a regulation, otherwise properly subject to challenge by the state, is unconstitutional by virtue of an improper delegation of power?

2. If states are not absolutely barred from bringing delegation claims, did Connecticut have standing to raise the delegation issue in the case of <u>Connecticut v. Daley</u>, Nos. 3:97cv2726(CFD) and 3:98cv173(CFD)(D.Conn.)?

3. If Connecticut had standing to raise a delegation claim in <u>Daley</u>, what basis is there to deny Connecticut standing to raise the delegation issue in this case?

## LEGAL ARGUMENT

**I.     STATES ARE NOT ABSOLUTELY BARRED FROM BRINGING CLAIMS AGAINST THE UNITED STATES UNDER THE FIFTH AMENDMENT.**

A. **The State of Connecticut Has Standing In Its Own Right To Bring This Suit.**

In <u>Connecticut v. U.S. Dept. of Commerce</u>, 204 F.3d 413, 417 (2000) the Second Circuit stated:

> [C]onnecticut is in no way precluded from raising, in an appropriately made facial challenge to the statute, brought in the district court any of the constitutional claims we opt not to consider today.

The constitutional claims that Connecticut had raised for the first time on its appeal in <u>Connecticut v. U.S. Dept. of Commerce</u>, <u>Id</u>, were that the Magnuson-Stevens Act was unconstitutional under the Fifth Amendment due process clause and the Tenth Amendment. Brief of Plaintiff-Appellant State of Connecticut, U.S. Court of Appeals for the Second Circuit, Docket 99-6170, n. pp.24-33.

The State of Connecticut initiated the pending suit, to raise the Fifth and Tenth Amendment issues. In <u>Connecticut v. U. S. Department of Commerce</u>, <u>Id</u>, the Second Circuit stated that "Connecticut has sufficient interest in its own right based on its allegation of lost revenue to have standing to challenge the Secretary's action." <u>Id</u>. note 2. The court cited <u>Carey v. Klutznick</u>, 637 F.2d 834, 838 (2d Cir. 1980), which was a Fifth Amendment case,[1] to support its finding that Connecticut had standing. In that case, New York officials and citizens challenged the manner in which the Census Bureau conducted the 1980 census in the State of

---

[1] In this case, there were also claims brought under Article I, section 2, clause 3 of the Constitution, the First, Fourteenth and Fifteenth Amendments, as well as statutes relating to the taking of census and the apportionment of representatives, and the Administrative Procedure Act, 5. U. S. C. §§551-576, 701-706.

New York.  The district court granted a preliminary injunction ordering the Census Bureau to take certain steps regarding the 1980 census, which judgment was affirmed.  The Census Bureau argued before the Second Circuit that plaintiffs did not have standing to sue.  The court found that plaintiffs had standing because the Census Bureau's actions in New York State would result in an undercount leading to loss of representation in Congress and a decrease in federal funds flowing to their city and state.  The court did not specifically address the issue of standing in the context of the Fifth Amendment, or any other constitutional or statutory provision.  However, the fact that the Fifth Amendment was not deemed a bar to standing, indicates that the Second Circuit may not view <u>South Carolina V. Katzenbach</u>, 383 U.S. 301 (1966) as an absolute bar to a state action against the United States under the Fifth Amendment, where as here, the state has suffered a direct economic injury, there is a causal connection between the injury and the conduct complained of, and the injury may be redressed in its favor by the court.  <u>Carey v. Klutznick</u>, 637 F.2d at 838.

In <u>State of Louisiana v. Baldridge</u>, 538 F.Supp. 625 (1982), the state brought an action for declaratory judgment and for a preliminary and permanent injunction of the implementation of Management Measure 2 of the Fishery Conservation and Management Act, 16 U.S.C. § 1801 et seq.  (n/k/a Magnuson-Stevens Act).  The State of Louisiana alleged that Management Measure No. 2 did not comport with the national standards set forth in the Act and that **it was implemented in violation of the plaintiff's rights to procedural due process**.  Even though the court did not rule favorably on the merits, the court found that "in light of the state's proprietary interest in its coastal resources", Louisiana had standing to challenge the regulations promulgated by the U.S. Secretary of Commerce.  <u>Id.</u>, at 629.

This court could and should find that the State of Connecticut has standing to pursuit its pending Fifth Amendment claim, pursuant to the aforementioned authority.

B.     **The State of Connecticut Has Standing As *Parens Patriae*.**

In Carey v. Klutznick, 637 F.2d at 838, the Second Circuit also found that the State of New York had standing in its capacity as *parens patriae*. Again, The Second Circuit did not differentiate between Fifth Amendment standing and any other constitutional or statutory basis for the suit. Hence, the State of New York, as *parens patriae* was deemed to have standing under all claims, including its Fifth Amendment Claim.

The rationale for a state not having standing in its own right under the Fifth Amendment, is that a state is not a "person" for purposes of the Fifth Amendment. Premo v. Martin, 119 F. 3d 764, 771 (9th Cir. 1997), citing So. Carolina v. Katzenbach, supra.

As *parens patriae*, the State of Connecticut represents its citizens, see Hawaii v. Standard Oil Co. of Cal., 405 U.S. 251, 257-59, 92 S. Ct. 885, 887-889, 31 L.Ed. 2d 184 (1972), who are persons under the U. S. Constitution.

In La v. Baldridge, 538 F. Supp. at 628-29, the defendant Secretary of Commerce contended that the state had no standing to maintain suit for injuries sustained by its citizens. The court found that Louisiana did have standing and noted:

> In an unpublished decision, Judge Gignoux ruled that the State of Maine had standing to challenge regulations promulgated pursuant to the [Fishery Conservation and Management Act] as *parens patriae*, State of Maine v. Kreps, No. 77-45 (D.Me.S.D. 1977), and the decision on standing was not disturbed on appeal. State of Maine v. Kreps, 563, F.2d 1043 (1st Cir. 1977).

La. v. Baldridge, 538 F. Supp. At 629.

The above cases were decided after South Carolina v. Kutzenbach, 383 U.S. at 324, which held that a state did not have standing as *parens patriae* to bring a Fifth Amendment claim against the federal government, which is the ultimate parent of every U.S. citizen. A state should be allowed to bring a suit *parens patriae* against the federal government, where as here, it is acting pursuant to an unconstitutional and improper delegation of authority.

II.     **Connecticut Did Have Standing To Raise The Delegation Claim In Connecticut v. Daley.**

In Connecticut v. Daley, 53 F.Supp.2d 147, (D.Conn. 1999), the state challenged 1) the Secretary's decision not to issue regulations implementing an alternative quota system; and 2) the denial of Connecticut's petition for rule making. Connecticut did not challenge the decision of the Secretary pursuant to 16 U.S.C. § 1854(f)(1)(B), to designate authority over the summer flounder fishing to the Mid-Atlantic Fishery Management Council ("MAFMC"), instead of requiring that the Fishery Management Plan (FMP) be prepared jointly by the MAFMC and the New England Fishery Management Council ("NEFMC"), Id., note 2.

However, a regulation may be challenged administratively. As the court noted in Connecticut v. Daley, 53 F.Supp. 2d at 156:

> The Magnuson-Stevens Act provides that a court may set aside a regulation or an action taken by the Secretary it if violates the standards set forth in 5 U.S.C. § 706(2)(A), (B), (C), or (D) of the Administrative Procedure Act ("APA"). *See* 16 U.S.C. § 1855(f)(1)(B) (incorporating certain provisions or the APA) . . . .
>
> The APA provides that a reviewing court shall compel agency action unlawfully withheld or unreasonably delayed and set aside agency action, finding, and conclusions found to be (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law, (2) contrary to constitutional right, power, privilege, or immunity, (3) in excess of statutory jurisdiction, authority, or

limitations, or short of statutory right, or (4) promulgated without observance of procedure required by law.  5 U.S.C. § 706(1)(2); 16 U.S.C. § 1855(f)(1); *see J.H. Miles & Co., Inc. v. Brown*, 910 F.Supp. 1138, 1145-46 (E.D.Va.1995).

A regulation may be challenged as not in accordance with law or contrary to a constitutional power under the provisions of the APA that were adopted in the Magnuson-Stevens Act. Therefore, a claim that a regulation was unconstitutional pursuant to an improper delegation of authority could have been brought.  But see, Washington Utilities Transportation Commission v. F.C.C., 513 F.2d 1142, 1153 (9th Cir. 1975).

However "(c)onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and therefore, access to the courts is essential to the decision of such questions."  Califano v. Sanders, 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). "Challenges to the constitutionality of a statute or agency regulation are generally beyond the power or jurisdiction of an agency to decide, and because the agency lacks authority to review such claims, there is no need to exhaust administrative claims before seeking judicial review." Gilbert v. Nat'l Transportation Safety Board, 80 F.3d 364, 366-67 (9th Cir. 1996), cited in Merritt v. Shuttle, 245 F.3d 182 note 9 (2d Cir. 2001).

III.    **The Court Should Not Deny Connecticut Standing To Raise The Delegation Issue In This Case.**

The pending case raises "important constitutional challenges to the validity of the Magnuson-Stevens Act", Connecticut v. Dept. of Commerce, 204 F.3d 413, 416 (2000), under both the Fifth and Tenth Amendments.  These issues are justiciable and should be heard by the Court.  In Carey v. Klutznick, supra, the Second Circuit granted standing to the State of New York against the federal Census Bureau in a case that included a Fifth Amendment challenge,

because the state was able to show a direct injury in loss of federal funding. In <u>Connecticut v. Department of Commerce</u>, <u>supra</u>, note 2 the Second Circuit has already indicated that Connecticut had sufficient interest in its own right to challenge the Secretary's denial of rule-making because of the allegation of lost revenue.

The district court in the underlying case concluded that the Secretary did not have the power to take a number of crucial actions with respect to rule making, because Congress had delegated duties with respect to Fishery Management Plans to Regional Councils, <u>Connecticut v. Daley</u>, 53 F.Supp. 2d at 164-65. That delegation of authority to a regional council, pursuant to 16 U.S.C. §1854(f) is the subject of the pending suit. Connecticut should have standing to challenge this unconstitutional delegation of authority under the Fifth Amendment, as New York was granted standing in <u>Carey v. Klutznick</u>, which was also a Fifth Amendment case. At an absolute minimum, Connecticut has standing to challenge the Secretary's decision to appoint one regional council over summer flounder, when he had discretion to appoint two or more councils who were affected by the fishery. <u>In accord, Washington Utilities Transportation Commission v. F.C.C., supra.</u>

## CONCLUSION

For all the foregoing reasons, and those reasons contained in plaintiff's briefs previously submitted on the summary judgment motions, Connecticut has standing in this case.

        PLAINTIFF

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL


BY:    /s/ Sharon Scully
        SHARON A. SCULLY
        Assistant Attorney General
        Federal Bar No.  ct06643
        55 Elm Street
        P.O. Box 120
        Hartford, CT  06141-0120
        Tel: (860) 808-5250
        Fax: (860) 808-5386

# CERTIFICATION

I hereby certify that a copy of the foregoing Plaintiff's Supplemental Memorandum of Law was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 1st day of March, 2004, first class postage prepaid to:

William A. Collier, Esq.
U.S. Attorney's Office
450 Main Street
Hartford, CT 06103

R. Justin Smith, Esq.
U.S. Department of Justice
Environmental and Natural Resources Division
Wildlife and Marine Resources Section
601 Pennsylvania Avenue, N.W., Suite 5000
Ben Franklin Station
P.O. Box 7369
Washington, D.C. 20044-7369

       /s/ Sharon Scully
SHARON A. SCULLY
Assistant Attorney General