THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division

JEAN WILLIAMS
SETH BARSKY
Wildlife and Marine Resources Section

R. JUSTIN SMITH
Policy, Legislation and Special Litigation
Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 4390
Ben Franklin Station
Washington, DC  20044-4390
Telephone:  (202) 514-9369
Facsimile:  (202) 514-4231

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                              )
STATE OF CONNECTICUT ex rel.  )
RICHARD BLUMENTHAL,           )
                              )
    Plaintiff                 )
                              )
    v.                        ) Civil No. 3:00CV1386(DJS)
                              )
UNITED STATES OF AMERICA,     )
UNITED STATES DEPARTMENT      )
OF COMMERCE, et al            )
                              )
    Defendants                )
_____) March 12, 2004


**UNITED STATES REPLY TO STATE OF CONNECTICUT RESPONSE
TO QUESTIONS SET FORTH IN
<u>THE COURT'S DECEMBER 10, 2003 ORDER</u>**

The United States respectfully submits the following reply

to the State of Connecticut's responses to the questions posed in the Court's order of December 10, 2003. The United States is prepared to respond to further questions at the Court's convenience.

As discussed below, the United States and the State appear to be in agreement as to important elements of the answers to the Court's questions. To the extent that the State and the United States differ, the State does so almost entirely on grounds that have been addressed in the United States's previous submissions to this Court. To avoid burdening the Court with repetitive pleadings, the United States will therefore address these issues briefly and refer the Court to the more detailed presentation in those previous pleadings. The answers to the Court's questions demonstrate that the State's due process claim is without merit and that summary judgment should be granted to the United States.

1. **Are States absolutely barred by <u>South Carolina v. Katzenbach</u> or any other authority from bringing claims against the United States under the Fifth Amendment, including a claim that a regulation, otherwise properly subject to challenge by the State, is unconstitutional by virtue of an improper delegation of power?**

As set forth in the United States' previous submission, <u>State of South Carolina v. Katzenbach</u>, 383 U.S. 301, 323-24 (1966), held unequivocally that States are absolutely barred from bringing any claim under the Due Process Clause, because they are not "persons" for purposes of that clause.

The State suggests that this Court follow <u>Carey v.</u>

Klutznick, 637 F.2d 834, 838 (2d Cir. 1980), in lieu of Katzenbach. As the United States has previously explained, Klutznick discussed State standing to bring a due process claim only in dicta, and did not mention Katzenbach or explain why that case did not apply. Reply Brief of the United States on Summary Judgment at 23. It seems likely that the Court was simply unaware of the Katzenbach decision. This stray passage in no way undermines Klutznick and cannot be binding on this Court.[1]

The Second Circuit cited Klutznick in finding that the State had standing to sue in the previous litigation. Connecticut v. United States Department of Commerce, 204 F.3d 413, 415 n.2 (2d Cir. 2000). But the issues before the Court in that proceeding related only to the State's APA claims. As discussed in detail in the United States's initial response to the Court's questions, the Second Circuit expressly declined to reach the issue of the State's standing to bring its constitutional claims. United States Response to Questions at 6-8. The Second Circuit has thus held only that the State has standing to bring an APA claim as parens patriae, and not that it may bring a due process claim in that capacity. Katzenbach expressly held that a State may not bring a due process claim either in its own right or as parens patriae. 383 U.S. at 323-24. For this reason, the State's

---

[1] As the United States's previous pleading explained, Klutznick also cannot be explained as relying on a claim brought as parens patriae, as Katzenbach held that no such action was available to a State.

efforts to frame its claim as one brought as parens patriae must fail.

The State cites to State of Louisiana v. Baldridge, 538 F. Supp. 625 (D. La. 1982), as an example of a case in which a State was permitted to bring a claim under the due process clause. An examination of that decision reveals, however, that the State's claims arose, not under the due process clause, but under the Administrative Procedure Act. The State claimed that the Secretary had failed to follow his own guidelines, rendering his decision arbitrary and capricious, and that the Secretary had failed to comply with 5 U.S.C. 555(d), a provision of the APA. Louisiana, 538 F. Supp. at 630-31; see also n.1 ("deviation from the guidelines is not actionable absent affirmative proof that the deviation makes the Secretary's approval arbitrary and capricious"). These are both quintessentially claims under the APA, not under the due process clause. Thus, Louisiana is not on point.

Louisiana did label the APA claims before the Court as claims relating to "procedural due process." Id. at 629. This underlines the fact that there can be a significant overlap between procedural rights under the APA and under the due process clause. Although States do not have rights under the due process clause, Congress has opted to confer on them rights to sue under the APA.

The States therefore do have a (limited and defined) ability

4

to bring claims based on procedural violations. This greatly mitigates any claims of general injustice that the State might make about the Katzenbach rule. It does not, however, assist the State in this litigation. Here, the State is challenging the constitutionality of a federal statute, and is not claiming that the United States has acted arbitrarily and capriciously in administering an otherwise constitutional statutory scheme. The State's constitutional challenge in this case must arise under a provision of the Constitution itself, and cannot not be brought under the APA alone (even if the State had sought to make out an APA claim, which it has not). The APA is a statute, and cannot serve as the substantive basis for striking down another provision of federal law; only the Constitution may serve that role. Because the State does not have rights to proceed under the due process clause, its challenge must fail in this instance.[2]

Washington Utilities & Transportation Commission v. FCC, 513 F.2d 1142 (9th Cir. 1975), cited by Connecticut's brief, confirms

---

[2] The State suggests, citing Califano v. Sanders, 430 U.S. 99, 109, that "access to the courts is essential" to the resolution of "constitutional questions." In enacting the APA Congress chose to accord to the States the right to raise a wide range of procedural objections in federal court. As we have explained, however, States may not invoke this remedy in seeking to have a statute struck down. (Nor could Congress enact a statute that would grant the States that right, as a statute cannot amend the Constitution.) The Framers of the Constitution provided the States with numerous protections against (what might be asserted to be) inappropriate legislation, but the due process clause is not among them.

this analysis.  The <u>Washington Utilities</u> court distinguished between challenges premised on a violation of a statute's terms, as to which it found a State may permissibly bring a <u>parens patriae</u> claim, and those that contend that a statute is unconstitutional, as to which it found a <u>parens patriae</u> action was barred.  <u>Id.</u> at 1153.  This case is in the latter category, and it follows that Connecticut may not press its claim.

Finally, as the United States explained in its previous response to the Court's questions, Response at 2-5, Connecticut may not "piggyback" its Fifth Amendment claim on some other claim, such as a challenge to a regulation, both because the State has not pleaded any such cause of action and because such "piggybacking" is in any event impermissible.  The State's response to the Court's questions did not seek to make any such "piggybacking" argument.  It follows that any such argument is waived and that the issue is not before this Court.

The State does intimate that the resolution of its previous APA challenge was affected by the district court's finding that "the Secretary did not have the power to take a number of crucial actions with respect to rule making," which the State contends in turn was an unconstitutional element of the statutory scheme. State Brief at 7.  In fact, in reviewing the district court's decision the Second Circuit expressly found that these statements were dictum, and that the resolution of the State's APA claim did not depend in any way on these features of the statutory scheme.

6

Connecticut v. Secretary of Commerce, 204 F.3d at 416 & n.4. It follows that there is no linkage between these two cases; the Court may resolve this case without revisiting the State's previous, unsuccessful APA challenge.

2.  **If States are not absolutely barred from bringing delegation claims, did Connecticut have standing to raise the delegation issue in the case of Connecticut v. Daley (CFD) (D. Conn)?**

The United States and Connecticut are in agreement that Connecticut v. Daley involved only an APA challenge, and did not present any delegation issues. Connecticut Supplemental Memorandum of Law at 5. The United States and the State disagree as to whether, had the State sought to raise a delegation claim in the Daley litigation, such a claim would have been permissible. That issue is addressed in the United States' initial response to the Court's Question 1, and in the discussion of Question 1 above.

3.  **If Connecticut had standing to raise a delegation claim in Daley, what basis is there to deny Connecticut standing to raise the delegation issue in this case?**

As set forth above, the previous decisions by the District of Connecticut and the Second Circuit have not addressed the question whether the State had standing to bring a delegation claim. The issue of whether the State does have standing to bring such a claim (or could have had standing to do so in those previous proceedings) is thus fully before this Court.

In conclusion, the Court should find that the State lacks

7

standing to sue and grant summary judgment to the United States.

>Respectfully submitted,
>
>THOMAS L. SANSONETTI
>Assistant Attorney General
>Environment and Natural Resources
>Division
>
>JEAN WILLIAMS,
>Section Chief
>Wildlife & Marine Resources Section
>
>WILLIAM A. COLLIER (ct00986)
>Assistant United States Attorney
>450 Main Street, Room 328
>Hartford, CT 06103
>
>_____
>R. JUSTIN SMITH (ct 22310)
>Attorney
>Policy, Legislation, and Special
>Litigation Section
>(202) 514 0750

**CERTIFICATE OF SERVICE**

I, R. Justin Smith, do hereby certify that on March 12, 2004, I caused a true and correct copy of the foregoing motion to be forwarded, via United States mail, postage prepaid, to:

```
Sharon Scully, Esq.
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120

William A. Collier
Assistant United States Attorney
450 Main Street, Room 328
Hartford, CT 06103
```

_____
                R. Justin Smith