UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATE OF CONNECTICUT, ex rel.<br>RICHARD BLUMENTHAL<br>ATTORNEY GENERAL,<br>    *Plaintiff* | : | CIVIL ACTION NO. 300CV1386(DJS)<br><br>DISTRICT COURT<br>HARTFORD CT |
| v. | : | |
| UNITED STATES OF AMERICA,<br>UNITED STATES DEPARTMENT OF<br>COMMERCE, AND DONALD EVANS,<br>SECRETARY OF COMMERCE,<br>    *Defendants* | :<br>:<br>:<br>: | MARCH 15, 2004 |

## PLAINTIFF'S REPLY BRIEF SUBMITTED PURSUANT TO DECEMBER 2003 COURT ORDER

The issue is whether this court has standing over plaintiff's Fifth Amendment claim. The defendant relies heavily on *South Carolina v. Katzenback*, 383 U.S. 301 (1966) for its claim that the State of Connecticut is absolutely barred from bringing suit against the U.S. in its own capacity, or as *parens patriae*, because a state is not a "person" under the due process clause of the Fifth Amendment.

However, in *Carey v. Klutznick*, 637 F.2d 834 (2d Cir. 1980), the Second Circuit Court of Appeals held that New York had standing to suit the U.S. Census Bureau, in its own right and as *parens patriae*, because the bureau's actions in New York State would result in an undercount leading to loss of representation in Congress and a decrease in federal funds. The *Carey* case included a Fifth Amendment claim, just as the pending case includes a Fifth Amendment claim. Moreover, in *Ct. v. U.S. Dept. of Commerce*, 204 F.3d 413, note 2 (2000), the Second Circuit cited *Carey* for the proposition that "Connecticut has sufficient interest in its own right based on

its allegation of lost revenue to have standing to challenge the Secretary's action." The district court of Louisiana found that "in light of the state's proprietary interest in its coastal resources", Louisiana had standing to challenge the regulations promulgated by the U.S. Secretary of Commerce under 16 U.S.C. § 1801. *State of La. v. Baldridge*, 538 F.Supp. 625, 629 (1982). The District Court of Maine ruled that the State of Maine had standing to challenge regulations promulgated pursuant to the Fishery Conservation and Management Act as *parens patriae. State of Maine v. Kreps*, No. 77-45 (D.Me.S.D. 1977). Now the District Court of Connecticut must decide whether the State of Connecticut has standing to challenge certain provisions of the Magnuson-Stevens Act.

The issue for this court to decide is whether the State of Connecticut has standing as a "person" to bring this suit. Despite *Katzenback*, there is some authority to the contrary that a state which has suffered a direct economic injury may bring suit against the United States. *Supra*.

The defendant in this case argues that even if Connecticut has standing as a person, the requirements of injury in fact, traceability and redressability would not be met. The Second Circuit in our preceding case has already identified the economic injury that Connecticut has sustained. That this injury has been caused by an improper delegation of statutory authority, has been fully presented and supported in our moving papers for summary judgment.

2

If this court holds that *Katzenback* is not an absolute bar to this suit brought by Connecticut, in its own right or as *parens patriae*, this court will be able to review and decide important constitutional issues regarding the Magnuson-Stevens Act.

PLAINTIFF

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
SHARON A. SCULLY
Assistant Attorney General
Federal Bar No.: ct06643
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5250
Fax: (860) 808-5386

3

## CERTIFICATION

I hereby certify that a copy of the foregoing Motion for Enlargement of Time was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 15th day of March, 2004, first class postage prepaid to:

William A. Collier, Esq.
 U.S. Attorney's Office
450 Main Street
Hartford, CT  06103

R. Justin Smith, Esq.
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
601 Pennsylvania Avenue, N.W., Suite 5000
Ben Franklin Station
P. O. Box 7369
Washington, D.C.  20044-7369

SHARON A. SCULLY
Assistant Attorney General